UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSETTE M. WAKELEY,<br>    Plaintiff | :<br>:<br>: |
| v. | :   CIVIL NO. 1:12-CV-2610 |
| SUPERINTENDENT GIROUX, *et al.*,<br>    Defendants. | :<br>:<br>:<br>: |

M E M O R A N D U M

*I.*    *Introduction*

Plaintiff Josette Wakeley filed this Section 1983 lawsuit on December 28, 2012. (Doc. 1). Plaintiff, formerly an inmate at SCI-Muncy, was assaulted by her cell mate on March 3, 2011. Based on this assault, Plaintiff asserts an Eighth Amendment failure to protect claim against Superintendent Giroux and seven other Department of Corrections ("DOC") employees. (See Doc. 16). Presently, we are considering Plaintiff's objections to the Report and Recommendation of Magistrate Judge Blewitt (Doc. 38), which recommends that we grant Defendants' motion for summary judgment (Doc. 31) because Plaintiff failed to exhaust her DOC administrative remedies. The report also recommends that we deny Defendants' pending motion to dismiss (Doc. 23) as moot.[1]

---

1. Defendants filed a motion to dismiss for failure to state a claim on August 20, 2013. (Doc. 23). On October 30, 2013, they filed a motion for summary judgment, which, if granted, will moot the prior motion.

Since objections were filed, we must "make a *de novo* determination of those portions of the report or specified proposed finding or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

II.     Background

The magistrate judge's report outlines the facts of this case, so we will not repeat them here.

III.    Discussion

In response to the magistrate judge's report, Plaintiff filed 57 objections in separately numbered paragraphs.[2] (See Doc. 39). Many of these objections were duplicative. In order to address the objections in an orderly and comprehensible manner, we have grouped similar objections together, and will discuss them accordingly.

*A. Defendants Have Not Waived the Exhaustion Defense*

Seven of Plaintiff's objections pertain to the magistrate's finding that Defendants have not waived the defense of failure to exhaust administrative remedies. (See Doc. 39, ¶¶ 2, 8-12, 52). Plaintiff argues that, pursuant to Rule 12(g)(2), Defendants were required to raise this defense in their first Rule 12(b) response--the motion to dismiss. Plaintiff is incorrect for two reasons. First, Rule 12(g)(2) does not apply here, as that rule requires that a party "not make another motion *under this rule* raising a defense or objection that was available to the party but omitted from its earlier

---

2. We note that by neglecting to file a brief setting forth the legal bases for the objections, Plaintiff has failed to comply with Local Rules 72.2 and 72.3. Nevertheless, we will address Plaintiff's arguments.

2

motion." FED. R. CIV. P. 12(g)(2) (emphasis added).  Defendants are moving for summary judgment pursuant to Rule 56–not making a motion under Rule 12.  Moreover, while failure to exhaust administrative remedies is an affirmative defense that must be pleaded, Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002), the court has held that a party may raise this defense for the first time during summary judgment proceedings.  See Baker v. Beard, 05-cv-281, 2006 WL 1725557, at *3 (M.D. Pa. June 21, 2006) (Jones, J.) (defendant is not required to raise exhaustion issue in first response to complaint; as long as the defense is raised prior to adjudication, the plaintiff is not prejudiced); see also Hall v. Operative Plasterers' and Cement Masons' Int'l Ass'n Local Union 143, 188 F. Supp. 2d 1013, 1018 (S.D. Ill. 2001) (defendant did not waive exhaustion by failing to argue it in a motion to dismiss).  Accordingly, we agree with the magistrate judge that Defendants have properly raised the exhaustion issue on summary judgment, and we will adopt this portion of the report.

*B. The Magistrate Judge Properly Resolved Disputed Facts*

Plaintiff's chief complaint–comprising 37 of her 57 objections--is that the magistrate judge resolved factual disputes regarding whether Plaintiff exhausted her administrative remedies.  Plaintiff argues that the magistrate violated the summary judgment standard by making these findings, and therefore, the report should be rejected.  Plaintiff is in error.  Recently, the Third Circuit adopted the position of the Second, Fifth, Seventh, Ninth, and Eleventh Circuits in holding that judges may resolve factual disputes to determine whether a plaintiff exhausted her administrative remedies

prior to filing suit. See Small v. Camden Cnty, 728 F.3d 265, 271 (3d Cir. 2013). The court explained that "[t]he Seventh Amendment does not promise a jury trial on all issues that might, as a practical matter, finally dispose of a case. Rather, it guarantees the right to a jury's resolution of the merits of the ultimate dispute." Id. at 270 (quoting Messa v. Goord, 652 F.3d 305, 310 (2d Cir. 2011)). That is, the Seventh Amendment right to a jury trial is not implicated unless the facts at issue are "bound up with the merits of the underlying dispute." Id. In this case, the ultimate issue is whether Defendants violated the Eighth Amendment by failing to protect Plaintiff from an assault. The facts surrounding Plaintiff's failure to file an administrative grievance are not bound up with the merits of this dispute. Accordingly, the magistrate did not violate the summary judgment standard by making factual findings and credibility determinations about the exhaustion issue.

      Plaintiff also objects to the manner in which the magistrate resolved the factual disputes. Plaintiff does not deny that she failed to file an administrative grievance. Rather, she argues that she should be excused from the grievance requirement because she was totally incapacitated by the assault and unable to pursue administrative remedies. Additionally, she claims that grievance forms were not available to her.

      As explained by the magistrate, the Prison Litigation Reform Act excuses plaintiffs from the grievance requirement in two limited circumstances: (1) when the plaintiff was intentionally misled by corrections officials; or (2) there was "some other

extraordinary reason" for the failure to file a grievance. McMillian v. Walsh, No. 12-CV-1707, 2014 WL 310391, at *8 (M.D. Pa. Jan. 28, 2014) (Conner, C.J.) (citing Davis v. Warman, 49 F. App'x 365, 368 (3d Cir. 2005)). Plaintiff claims that the extraordinary reason for her failure to file a grievance is that the trauma of the assault rendered her physically and mentally incapable of doing so. We agree with the magistrate that the record does not support this argument. The only record evidence submitted by Plaintiff is an affidavit in which she swears that had absolutely no memory of the assault and that grievance forms were never available to her at SCI-Muncy. (Doc. 35-3). However, according to Plaintiff's DOC medical records, in the days following the assault, she was alert, cooperative, and responsive to questions. (Doc. 35-3, at 14). Plaintiff was interviewed a few times between March 10, 2011 and March 16, 2011, and although she could not recall details of the attack, she repeatedly told police and prison investigators that she remembered being choked and yelled at by her attacker. (Doc. 37, Ex. G). The deadline for Plaintiff to file a grievance was March 24, 2011. Based on the record, Plaintiff recalled enough of the incident that she could have complied with this deadline.

We also agree that Plaintiff has failed to demonstrate that the grievance procedures were not available to her. Two DOC employees submitted declarations averring that Plaintiff could have requested grievances forms at any time, and other inmates housed in Plaintiff's unit filed grievances during this time period. (Doc. 37 at 22-31). One of the employees stated that she met with Plaintiff nearly every day, and Plaintiff never requested grievance forms or asked for any help with filing a grievance

although she was capable of doing so.  (Doc. 37, Ex. L).  Based on this information, we agree with the magistrate's finding that there is no extraordinary reason justifying Plaintiff's failure to exhaust her administrative remedies.  Accordingly, Defendants are entitled to summary judgment.

### C. Remaining Miscellaneous Objections

#### 1. The Motion for Summary Judgment is Not Precluded by the Motion to Dismiss

Although Plaintiff declares that the law does not permit Defendants to file a motion for summary judgment while a motion to dismiss is pending, Plaintiff cites no case or rule of procedure to support this contention.  (Doc. 39, ¶¶ 17, 51).  Rule 56(b) provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  FED. R. CIV. P. 56(b).  Defendants' motion complies with the time period prescribed by Rule 56, and is properly before the court.

#### 2. The Magistrate Judge Applied the Correct Standard of Review

Plaintiff objects because "the Magistrate Judge failed to accept all of the Complaint's well-pleaded facts as true as the Court is required to do when deciding a *Motion to Dismiss* . . . ."  (Doc. 39, ¶ 1) (emphasis added).  Although Plaintiff correctly recites the standard of review for a motion to dismiss, we are presently considering a motion for summary judgment, and thus, the standard articulated by Plaintiff is inapplicable.  The magistrate properly applied the standard for a motion for summary judgment.

Case 1:12-cv-02610-WWC   Document 42   Filed 04/15/14   Page 7 of 9

### *3. The Record Was Sufficient to Decide the Motion*

Plaintiff also objects to being denied an opportunity to conduct discovery. (Doc. 39, ¶ 7).  A party may move for summary judgment before discovery has commenced.  See FED. R. CIV. P. 56.  If the nonmoving party cannot present the facts necessary to oppose the motion, that party may, under Rule 56(d), file a declaration seeking additional discovery.  The declaration must specify: (1) the information sought; (2) how this information would preclude summary judgment; and (3) why this information has not already been obtained.  See Pa., Dept. of Pub. Welfare v. Sebelius, 674 F.3d 139, 157 (3d Cir. 2012).  Plaintiff does not claim to be unable to properly oppose the motion.[3]  Plaintiff has supported her opposition with record evidence, but that evidence is insufficient to contradict Defendants' evidence on the exhaustion issue.

---

3. Although Plaintiff requested leave to depose one of the DOC employees, we agree with the magistrate that this is unnecessary to decide the motion, because Plaintiff does not dispute that she failed to file an administrative grievance.  Plaintiff has not demonstrated how this information would preclude summary judgment.

7

### *4. The PREA Does Not Apply to Plaintiff*

Finally,[4] Plaintiff objects to the magistrate's finding regarding the Prison Rape Elimination Act ("PREA"). (Doc. 39, ¶ 21). Plaintiff contends that her lawsuit cannot be dismissed for failure to exhaust administrative remedies because, pursuant to a regulation in the PREA, she has an indefinite amount of time to file a grievance regarding the assault. See 28 C.F.R. § 115.52(b)(1). That regulation, which was enacted on August 20, 2012, provides that an agency "shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse." Id. We agree with the magistrate judge that the regulation does not apply to Plaintiff because it was enacted over a year after Plaintiff's assault, and nothing in the relevant authority indicates that it may be retroactively applied. Moreover, we agree that because Plaintiff is bringing a constitutional claim against Defendants, and not a sexual abuse claim, the regulation does not apply.

---

4. Plaintiff also raises two indecipherable objections. In Paragraph 23, Plaintiff objects "to the determination by the Magistrate Judge that an inmate's release from prison does not preclude the obligation to file a grievance, since, once an inmate is moved out of a facility, that inmate no longer has the obligation to file an administrative complaint." (Doc. 39, ¶ 23). In Paragraph 53, Plaintiff objects to "the Magistrate Judge's finding that the Prison Rape Elimination Act bars the Defendants' Summary Judgment Motion." (Doc. 39, ¶ 53). After thoroughly reviewing the magistrate's report, we find no mention of either of these issues. Moreover, Plaintiff cites no law in support of these objections; therefore, we will not address these arguments.

*IV.*     *Conclusion*

For the reasons stated above, we will adopt the magistrate judge's report and recommendation, and grant summary judgment in Defendants' favor. We will issue an appropriate order.